IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,<br><br>      Plaintiff,<br><br>      v.<br><br>THEODORE "TED" JOHN O'MALLEY,<br><br>      Defendant. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS on behalf of its university at Urbana-Champaign, ("Plaintiff" or "the University" or "the University of Illinois"), by and through its attorneys, Freeborn & Peters, LLP, for its Complaint against Defendant, Theodore "Ted" John O'Malley ("O'Malley" or "Defendant"), states as follows:

## SUMMARY

The Board of Trustees of the University of Illinois is a body politic and corporate established under the constitution and laws of the State of Illinois, to govern and exercise authority over its system of universities, including the University of Illinois, which was the original university in the system and is located in Urbana-Champaign. For decades through today, the University of Illinois is known as, and has been referred to as, "Illinois." In March 2017, Defendant filed for trademark protection for the mark "MAKE ILLINOIS GREAT AGAIN." In September 2017, Defendant began to advertise clothing using the colors orange and blue depicting an image of the former University of Illinois symbol "Chief Illiniwek," portrayed by a student dressed as Chief Illiniwek and taken from a copyrighted image that is owned by the University along with the words "MAKE ILLINOIS GREAT AGAIN." The clothing offered for

sale by Defendant are in the colors orange and blue, which are the official colors of the University. Defendant advertised his clothing via a Facebook page, shown in Exhibit A, displaying images of the University of Illinois football stadium and the wording "[C]alling Illini Fans, show your love for the University and its traditions. It's time to Make Illinois Great Again!" Defendant is unlawfully incorporating the University's registered trademarks for "ILLINOIS" and the University's copyrighted image of Chief Illiniwek into its clothing, as well as using the University's official colors, orange and blue. Further, by incorporating the University trademarks, trade dress colors and copyrights into the clothing, Defendant is creating confusion in the marketplace as to the origin of the clothing, diluting the University's Marks and creating a false association with the University.

**JURISDICTION AND VENUE**

1. Plaintiff's claims are for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. §§ 101, et seq., trademark infringement arising under the Lanham Act 15 U.S.C. §1114, et seq., false designation and unfair competition arising under the Lanham Act, 15 U.S.C. § 1125, et seq., trademark dilution under the Lanham Act, 15 U.S.C. § 1125 (c), unfair or deceptive acts under the Illinois Uniform Deceptive Trade Practice Act, 815 ILCS 505, et seq., unfair competition under common law, trademark dilution under 765 ILCS 1036/65, and conversion.

2. The Court has original subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, 15 U.S.C. §1121, and Fed. R. Civ. P. 13. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and Fed. R. Civ. P. 13.

3. The Court has personal jurisdiction over the Defendant because, on information and belief, Defendant transacts business and has his place of residence within the judicial district of the U.S. District Court for the Northern District of Illinois.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendant accessed the University's proprietary information in this venue.

## THE PARTIES

5. The University is a body politic and corporate established under the constitution and laws of the State of Illinois, to govern and exercise authority over its system of universities, including the University of Illinois, which is located in Urbana-Champaign and is the original university in the system.

6. For decades through today, the University of Illinois is known as and has been referred to and known as "Illinois."

7. The University holds valid Trademark Registration No. 5,095,860 for the mark "ILLINOIS" covering "Clothing, namely, jackets, vests, ties, caps, sport caps, visor caps, ski caps, hats, scarves, sweaters, gloves, mittens, ladies' and men's and children's t-shirts, men's shirts, ladies' tops, jerseys, sport shirts, golf shirts, basketball shirts, football shirts, sweatshirts, shorts, socks, warm-up suits, baby sleepers, baby shirts." See, Exhibit B.

8. The University also holds valid Trademark Registration No. 3,692,259 for the mark "ILLINOIS" covering "Clothing, namely, adult and children's jackets, and vests, men's shirts, sport shirts, ties, Ladies' tops, adult and children's jerseys, caps, sport caps, visor caps, ski caps, scarves, sweaters, ponchos, gloves, mittens, golf sweaters, ladies' and men's and children's t-shirts, baseball shirts, football shirts, football-style jerseys, ladies' and men's shorts, socks, adult and children's warm-up suits, baby sleepers, baby shirts." See, Exhibit C.

9. Additionally, the University holds valid Trademark Registration No. 1,836,231 for "UNIVERSITY OF ILLINOIS LEARNING & LABOR CHARTERED 1867 AGRICULTURE SCIENCE & ART" covering shirts. See, Exhibit D.

10. From 1926 until 2007, the official symbol of the University was "Chief Illiniwek." The General Assembly of the state of Illinois declared that "Chief Illiniwek is, and may remain, the honored symbol of a great university, the University of Illinois at Urbana-Champaign," see 110 ILCS 305/1f.

11. Chief Illiniwek was portrayed by a student dressed in Sioux regalia who performed during halftime of Illinois home football, basketball and volleyball games.

12. The University commissioned pictures of Chief Illiniwek to be taken during halftime shows, which were then used in marketing materials for the University. These pictures include a picture of Chief Illiniwek taken on January 20, 2007 at a halftime show. See, Exhibit E.

13. The University owns a valid copyright in the photograph taken at the January 20, 2017 show ("the Copyrighted Work"), and the Copyrighted Work was registered with the United States Copyright Office on January 26, 2018 as Registration No. VA 2-084-769. See, Exhibit F.

14. The official colors of the University are orange and blue.

15. Defendant, Theodore John O'Malley is an individual residing at 123 Joyce Place, Park Ridge, IL 60068.

**DEFENDANT'S ACTIVITIES**

16. On March 18, 2017, Defendant filed a trademark application with the United States Patent and Trademark Office ("USPTO") for the mark "MAKE ILLINOIS GREAT AGAIN."

17. In September 2017, Defendant began advertising and selling shirts incorporating the phrase "MAKE ILLINOIS GREAT AGAIN" accompanied by an image of Chief Illiniwek taken from the copyrighted January 2007 image of Chief Illiniwek on Facebook. See, Exhibit A.

18. As part of Defendant's advertising and selling of such shirts, Defendant specifically marketed them to, and targeted fans of, the University's sports teams. See, Exhibit A.

19. In November 2017, the University filed an opposition proceeding in the USPTO, Opposition No. 91/237,866, arguing that the use of the Marks, as defined below, created confusion in the market because the University has the right to use the Marks in the manner used by Defendant, and Defendant's use has created a false association with the University.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

20. The University re-alleges and incorporates herein by reference paragraphs 1-19 above.

21. The University holds valid and existing Trademark Registration No. 5,095,860 for the mark "ILLINOIS" and has continuously used the mark since April 2014. The University holds valid and existing Trademark Registration No. 3,692,259 for the mark "ILLINOIS" and has continuously used the mark since December 1994. The University also holds valid and existing Trademark Registration No. 1,836,231 for the mark "UNIVERSITY OF ILLINOIS LEARNING & LABOR CHARTERED 1867 AGRICULTURE SCIENCE & ART" and has continuously used the mark since September 1991. The foregoing marks and registrations are collectively referred to as the "Marks".

22. Defendant has marketed and advertised products incorporating the Marks though it's Facebook page accessible throughout the United States. See, Exhibit A.

23. The goods offered by Defendant and listed in Defendant's Trademark Application, namely "Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms," are related to the goods covered by the University's registrations for the Marks. See, Exhibits B, C & D.

24. Defendant's activities will cause and/or are likely to cause confusion, mistake or deception of purchasers to the detriment of the University.

25. Defendant's use of the Marks was done without the knowledge, consent or permission of the University and continues without the consent of the University.

26. Defendant has violated the University's rights in the Marks under the Trademark Act, thereby giving rise to a cause of action under 15 U.S.C. §1114.

27. The University will be irreparably harmed unless Defendant is enjoined from any further use of the Marks, and any further advertising or sale of products incorporating the Marks.

28. Defendant has continued to use the Marks notwithstanding the fact that it has actual knowledge of the University's superior trademark rights.

29. Defendant's infringement of the Marks constitutes intentional, willful, knowing and deliberate trademark infringement.

30. The University therefore seeks judgment in the amount of three (3) times its damages, together with reasonable attorney's fees pursuant to 15 U.S.C. §1117(a).

### COUNT II
### FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING AND UNFAIR COMPETITION UNDER LATHAM ACT SECTION 43(a)

31. The University re-alleges and incorporates herein by reference paragraphs 1-30 above.

32. Defendant's actions, as alleged herein, constitute false designation of origin, false advertising and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

33. Defendant's actions have deceived, and are likely to continue to deceive, customers and prospective customers into believing that Defendant's products are that of the University, and as a consequence, are likely to divert sales of merchandise away from the University.

34. The University has no control over the quality of the products sold by Defendant. Any failure, neglect, or default by Defendant in providing such products has reflected, and will continue to reflect, adversely on the University as the believed source of origin thereof; hampering the University's efforts to continue to protect its outstanding reputation for high quality products, which will result in the loss of sales of merchandise -- all of which will cause irreparable harm to the University.

35. The University has been, and will continue to be, irreparably harmed unless Defendant is enjoined from any further use of the Marks, as well as the use of the colors orange and blue, and any further marketing, advertising or sale of the products incorporating the Marks, the colors orange and blue, and/or any other past or current symbols of the University, such as Chief Illiniwek and the University's football stadium.

36. The University has no adequate remedy at law and serious damage to its trademark rights will result unless Defendant's wrongful use of the Marks is enjoined by the court.

37. Defendant's actions as alleged herein constitute intentional, willful, knowing and deliberate unfair competition and false advertising pursuant to the Lanham At Section 43(a).

38. Defendant's acts of unfair competition and false advertising in violation of the Lanham Act Section 43(a), as alleged herein, have caused, and will continue to cause, the University to suffer damages in an amount unknown at this time and have caused, and will continue to cause Defendant to improperly gain revenues and profit in an amount unknown at this time.

39. Pursuant to 15 U.S.C. §1117(a), the University is entitled to an award of monetary damages in an amount equal to the losses suffered by the University and the revenues and/or profits gained by Defendant, which damages should be augmented as provided by 15 U.S.C. §1117(a).

40. Pursuant to 15 U.S.C. §1117(a), any monetary damages awarded to the University should be trebled.

41. Pursuant to 15 U.S.C. §1117(a), the University is entitled to an award of attorneys' fees and costs of suit.

### COUNT III
### FEDERAL TRADEMARK DILUTION UNDER THE LANHAM ACT

42. The University re-alleges and incorporates herein by reference paragraphs 1-41 above.

43. The Marks have been in use for many years and have achieved widespread public recognition.

44. The University, and the Marks, are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45. Defendant's use of the Marks gives rise to the association between the Defendant and the University.

46. The association created by Defendant's commercial use of the Marks is likely to dilute the distinctiveness of the Marks by eroding the public's exclusive identification of these famous Marks with the University, tarnishing and degrading the positive associations and prestigious connotations of the Marks, and otherwise lessening the capacity of the Marks to identify and distinguish products and goods.

47. Defendant's unauthorized use of the Marks is likely to dilute the distinctive quality of the Marks.

48. Defendant's unauthorized use of the Marks is likely to tarnish the University and the Marks by undermining and damaging the valuable goodwill associated therewith.

49. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and will, unless enjoined, damage the University, which has no adequate remedy at law.

50. The University is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT IV
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
(TRADEMARK)

51. The University re-alleges and incorporates herein by reference paragraphs 1-50 above.

52. Defendant's incorporation of the Marks and the colors orange and blue into its products and the marketing of these products using past or current symbols of the University, such as Chief Illiniwek and the University's football stadium, is likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the products or likely

to cause confusion or misunderstanding as to the affiliation or association with, or certification by, another.

53. Defendant's deceptive acts or practices injured and continue to injure the University.

54. Defendant's actions offend the public, are unethical, oppressive and unscrupulous, affecting trade and commerce now and in the future both within the state of Illinois and elsewhere.

55. A causal link exists between the deceptive act and the resulting injury.

56. The University has suffered damages, as discussed above, relating to violation of the Uniform Deceptive Trade Practices Act 815 ILCS 510/1 by Defendant.

57. The University seeks, and is entitled to recover, its actual damages, together with the costs of suit, including reasonable attorneys' fees.

## COUNT V
## COPYRIGHT INFRINGEMENT

58. The University re-alleges and incorporates herein by reference paragraphs 1-57 above.

59. On information and belief, Defendant's products incorporate the Copyrighted Work.

60. On information and belief, Defendant has violated one or more of the University's exclusive copyrights in and to the Copyrighted Work as set forth in 17 U.S.C. § 106 by preparing and selling the Infringing Materials in connection with the sale and delivery of its clothing.

61. Defendant had access to the Copyrighted Works by authorized publications of the Copyrighted Works in news articles, University materials and merchandise (i.e. posters).

62. On information and belief, Defendant's clothing includes a derivative and substantially similar image of the Copyrighted Work as demonstrated by a side by comparison of the Infringing Materials and the Copyrighted Work shown below:

| Defendant's Product | Copyrighted Image |
|---|---|
|  | |

63. The University did not authorize Defendant to reproduce, prepare derivative works based upon, distribute copies of, publicly perform, publicly display, advertise, promote, market, sell or otherwise use the Copyrighted Work.

64. The University has suffered, and will continue to suffer, substantial losses, including but not limited to lost profits and damage to their business reputations and goodwill.

65. As a result of their wrongful conduct, Defendant is liable to the University for copyright infringement pursuant to 17 U.S.C. § 501.

66. The University seeks, and is entitled to recover, its actual damages under 17 U.S.C. § 505.

67. Defendant's acts as alleged herein are intentional and willful and will, unless enjoined, damage the University, which has no adequate remedy at law.

## COUNT VI
## WILLFUL COPYRIGHT INFRINGEMENT

68. The University re-alleges and incorporates herein by reference paragraphs 1-67 above.

69. Defendant has infringed the University's copyright in the Copyrighted Work.

70. Defendant knew of, or should have known that, the University owned the Copyrighted Work and that Defendant did not have permission to reproduce, prepare derivative works based upon, distribute copies of, publicly perform, publicly display, advertise, promote, market, sell or otherwise use the Copyrighted Work, or portions thereof and did not have permission to use copyrightable content from the Copyrighted Work.

71. Defendant knew his acts constituted copyright infringement.

72. Defendant's conduct was and continues to be willful within the meaning of the Copyright Act.

73. Because Defendant's infringement was willful, any award(s) of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

74. The University seeks, and is entitled to recover, its actual damages under 17 U.S.C. § 505.

75. Defendant's acts as alleged herein are intentional and willful and will, unless enjoined, damage the University, which has no adequate remedy at law.

## COUNT VII
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
(COPYRIGHT)

76. The University re-alleges and incorporates herein by reference paragraphs 1-75 above.

-12-

77. Defendant's incorporation of the Copyrighted Work into its products is likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the products or likely to cause confusion or misunderstanding as to the affiliation or association with, or certification by, another.

78. Defendant's deceptive acts or practices injured and continues to injure the University.

79. Defendant's actions offend the public, are unethical, oppressive and unscrupulous, affecting trade and commerce now and in the future both within the state of Illinois and elsewhere.

80. A causal link exists between the deceptive act and the resulting injury.

81. The University has suffered damages relating to violation of the Uniform Deceptive Trade Practices Act 815 ILCS 510/1 by Defendant.

82. The University seeks, and is entitled to recover, its actual damages, together with the costs of suit, including reasonable attorneys' fees under 815 ILCS 510/3.

## COUNT VIII
## UNFAIR COMPETITION – COMMON LAW
(COPYRIGHT)

83. The University re-alleges and incorporates herein by reference paragraphs 1-82 above.

84. Defendant's use of an image nearly identical or substantially similar to the Copyrighted Work and the solicitation of customers in competition with the University deprive the University of sales of merchandise or other prospects. In addition, Defendant's actions are likely to cause confusion, to cause mistake, or to deceive the public as to the affiliation,

connection, or association of Defendant with the University, or as to the origin, sponsorship, or approval of Defendant's products or commercial activities by the University.

85. By reason of Defendant's unlawful and willful activities, the University has been, and is likely to be, damaged. Unless Defendant's activities are restrained, the University will continue to suffer serious and irreparable injury, without a full and an adequate remedy at law.

86. The University seeks, and is entitled to recover, its actual damages, together with the costs of suit, including reasonable attorneys' fees under 815 ILCS 510/3.

87. Defendant's acts as alleged herein are intentional and willful and will, unless enjoined, damage the University, which has no adequate remedy at law.

## COUNT IX
## UNFAIR COMPETITION – COMMON LAW
(TRADEMARK)

88. The University re-alleges and incorporates herein by reference paragraphs 1-87 above.

89. Defendant's use of wording nearly identical or substantially similar to the Marks, the colors orange and blue and past and current symbols of the University, such as Chief Illiniwek and the University's football stadium, and the solicitation of customers in competition with the University deprive the University of sales of merchandise or other prospects. In addition, Defendant's actions are likely to cause confusion, to cause mistake, or to deceive the public as to the affiliation, connection, or association of Defendant with the University, or as to the origin, sponsorship, or approval of Defendant's products or commercial activities by the University.

90. By reason of Defendant's unlawful and willful activities, the University has been, and is likely to be, damaged. Unless Defendant's activities are restrained, the University will continue to suffer serious and irreparable injury, without a full and an adequate remedy at law.

91. The University seeks, and is entitled to recover, its actual damages, together with the costs of suit, including reasonable attorneys' fees under 815 ILCS 510/3.

92. Defendant's acts as alleged herein are intentional and willful and will, unless enjoined, damage the University, which has no adequate remedy at law.

### COUNT X
### TRADEMARK DILUTION UNDER 765 ILCS 1036/65

93. The University re-alleges and incorporates herein by reference paragraphs 1-92 above.

94. The Marks have been in use for many years and have achieved widespread public recognition.

95. The University, and the Marks, are famous within the meaning of 765 ILCS 1036/65(a).

96. Defendant's use of the Marks gives rise to an association between the Defendant and the University.

97. The association created by Defendant's commercial use of the Marks is likely to dilute the distinctiveness of the Marks by eroding the public's exclusive identification of these famous marks with the University, tarnishing and degrading the positive associations and prestigious connotations of the Marks, and otherwise lessening the capacity of the Marks to identify and distinguish products and goods.

98. Defendant's unauthorized use of the Marks is likely to dilute the distinctive quality of the Marks.

99. Defendant's unauthorized use of the Marks is likely to tarnish the University and the Marks by undermining and damaging the valuable goodwill associated therewith.

100. Defendant's acts as alleged herein are intentional and willful in violation of 765 ILCS 1036/65(a), and will, unless enjoined, damage the University, which has no adequate remedy at law.

101. The University is entitled to, and seeks, among other relief, an injunction, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under 765 ILCS 1036/70, together with prejudgment and post-judgment interest.

## COUNT XI
## CONVERSION

102. The University re-alleges and incorporates herein by reference paragraphs 1-101 above.

103. The University owns all right, title and interest in the Copyrighted Work prior to the misappropriation and copying of the Copyrighted Work by Defendant.

104. Defendant's use of imagery nearly identical and substantially similar to the Copyrighted Work and the solicitation of customers in competition with the University amount to conversion because Defendant appropriated the Copyrighted Work for Defendant's own use and benefit by exercising dominion over them, in defiance of the University's rights.

105. By reason of Defendant's unlawful and willful activities, the University has been and is likely to be damaged and unless Defendant's activities are restrained, the University will continue to suffer serious and irreparable injury, without a full and an adequate remedy at law.

106. The University seeks, and is entitled to recover, its actual damages.

107. Defendant's acts as alleged herein are intentional and willful and will, unless enjoined, damage the University, which has no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. Judgment be entered against the Defendant on all of Plaintiff's claims.

B. Defendant be adjudicated and decreed to have infringed Plaintiff's trademark rights in the Marks.

C. Defendant be adjudicated and decreed to have diluted the Marks.

D. Defendant be adjudicated and decreed to have created a false association with the Plaintiff.

E. Defendant be adjudicated and decreed to have infringed Plaintiff's copyright in the Copyrighted Work.

F. The Court issue preliminary and permanent injunctions pursuant to 17 U.S.C. § 502 enjoining and prohibiting Defendant and his representatives, officers, directors, agents, servants, employees, attorneys, successors, assigns and any and all persons in active concert with him from advertising, promoting, marketing, selling, reproducing, creating derivative works of, distributing, publicly performing, publicly displaying or otherwise using the Copyrighted Works or any part thereof.

G. The Court issue preliminary and permanent injunctions enjoining and prohibiting Defendant and his representatives, officers, directors, agents, servants, employees, attorneys, successors, assigns and any and all persons in active concert with them from any advertising, promoting, marketing, selling, distributing or other activity using the Marks, and past or current symbols of the University, such as Chief Illiniwek and the University's football stadium, and the colors orange and blue.

H. The Court issue an order of impoundment pursuant to 17 U.S.C. § 503 impounding all copies of Defendant's Infringing Material, which are in Defendant's possession or under their control.

I. The Court issue a judgment awarding Plaintiff damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. §§ 504(c)(1)-(2) for Defendant's infringement and willful infringement of Plaintiff's copyright rights.

J. Defendant be adjudged and decreed to have violated the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act and to have committed acts of unfair competition against Plaintiff arising out of Defendant's use of the Copyrighted Work and the Marks.

K.  The Court order an award of attorneys' fees and costs against Defendant as provided by 17 U.S.C. § 504, 15 U.S.C. § 1117(a), 765 ILCS 1036/70 and 815 ILCS 510/2.

L.  The Court order an award for damages suffered by Plaintiff, plus any revenues or profits earned by Defendant as a result of Defendant's trademark infringement, unfair competition and false advertising in an amount to be proven at trial.

M.  The Court issue a judgment awarding treble damages against Defendant as provided by 15 U.S.C. § 1117(a).

N.  The Court award Plaintiff such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

THE BOARD OF TRUSTEES FOR THE
UNIVERSITY OF ILLINOIS


By:  _/s/ David S. Becker_____
       One of Its Attorneys

Andrew Goldstein
David Becker
Timothy Nitsch
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
312.360.6000

Dated:  March 21, 2018